IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00274-CR

     ANIBAL MONTANEZ 
     A/K/A IVAN MONTILLA PENA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 217th District Court
Angelina County, Texas
Trial Court # 21844
                                                                                                                

DISSENTING OPINION
ON PETITION FOR DISCRETIONARY REVIEW
                                                                                                                

      I respectfully dissent. Appellant failed to preserve any error. Assuming arguendo that
Appellant had preserved error, moreover, the Court applies the wrong standard of review.
      Appellant failed to preserve a complaint for appellate review. The Rules of Appellate
Procedure require, “As a prerequisite to presenting a complaint for appellate review, the
record must show that . . . the trial court . . . ruled on the request, objection, or motion, either
expressly or implicitly . . . .” Tex. R. App. P. 33.1(a); see Manns v. State, 122 S.W.3d 171,
192 & n.96 (Tex. Crim. App. 2003). The record does not show that the trial court ruled on
Appellant’s motion to suppress evidence. The majority “impl[ies] an adverse ruling in light of
the events that took place after the hearing, including a certification by the court of Appellant’s
right to appeal based on a pre-trial ruling.” (Slip op. at 2 n.1.) But if an adverse ruling could
be implied merely from the fact of an appeal, then no appellate issue could ever be forfeited by
the lack of a ruling. See Gutierrez v. State, No. 14-96-01017-CR, 2001 Tex. App. LEXIS
4645, at *6-*9 (Tex. App.—Houston [14th Dist.] July 12, 2001, pet. ref’d) (not designated for
publication). Here, we have no reporter’s record of the plea hearing, and the clerk’s record
does not show what evidence was admitted at the hearing. It would have been trivially simple
for Appellant to ask for a ruling, make a bill of exception, object to the trial court’s failure to
rule, or supplement the record on appeal; but he failed to do so. Accordingly, we should hold
that he forfeited his issue.
      Even assuming that Appellant had preserved a complaint concerning the trial court’s ruling
on the motion to suppress evidence, the majority errs in not applying the correct standard of
review. Indeed, the majority gives even less deference to the trial court in its opinion on
petition for discretionary review than it did in its original opinion, and thus goes even further
astray. In its original opinion, the majority at least acknowledged that it must, although it
failed to do so, “[g]iv[e] almost total deference to the trial court’s findings.” Montanez v.
State, No. 10-02-00274-CR, 2004 WL 1109822, at *2, 2004 Tex. App. LEXIS 4359, at *6
(Tex. App.—Waco May 12, 2004, pet. filed); see Rayford v. State, 125 S.W.3d 521, 528
(Tex. Crim. App. 2003); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In its
opinion on petition for discretionary review, the majority purports to give only “proper
deference.” (Slip op. at 4.) But in this context, “proper” means “almost total.” See Rayford
at 528; Guzman at 89. The majority fails to pay that deference.
      In a motion to suppress evidence from a voluntary consent to search, “the Texas
Constitution requires the State to show by clear and convincing evidence that the consent was
valid.” Rayford, 125 S.W.3d at 528; see Tex. Const. art. I, §9; State v. Ibarra, 953 S.W.2d
242, 245 (Tex. Crim. App. 1997). “By ‘clear and convincing’ is meant ‘so clear as to leave
no substantial doubt’ and ‘sufficiently strong to command the unhesitating assent of every
reasonable mind.’” Spencer v. State, 466 S.W.2d 749, 752 (Tex. Crim. App. 1971) (in-court
identification testimony) (quoting Martinez v. State, 437 S.W.2d 842, 849 (Tex. Crim. App.
1969)). The purpose of the “clear and convincing” standard in the context of motions to
suppress the fruits of voluntary consent searches is to “lend ‘concrete substance’ to the
mandate of art. I, §9.” Ibarra at 245.
      A trial court’s ruling on a motion to suppress evidence in criminal cases is “subject to the
discretion of the court.” Tex. Code Crim. Proc. Ann. art. 28.01(6) (Vernon 1989). On
appeal, “[g]enerally, a trial court’s ruling on a motion to suppress is reviewed under an abuse
of discretion standard.” Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003); accord
Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). Only when the case
presents the appellate court with “a question of law based on undisputed facts” does the court
review the ruling de novo. Dyar at 462. Otherwise, a reviewing court must “give almost total
deference to a trial court’s determination of historical facts.” Rayford, 125 S.W.3d at 528;
accord Guzman, 955 S.W.2d at 89. An appellate court is “obligated to uphold the trial court’s
ruling on [an] appellant’s motion to suppress if that ruling was supported by the record.” 
Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003); accord Carmouche at
331. Where the trial court does not make express findings of fact, appellate courts “review the
evidence in a light most favorable to the trial court’s ruling and assume that the trial court
made implicit findings of fact supported in the record.” Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002).
      In particular, “[t]he validity of a consent to search is a question of fact to be determined
from all the circumstances.” Rayford, 125 S.W.3d at 528. “At a suppression hearing, the
trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses
and their testimony.” Id. The standard of review is “whether the trial court could have
reasonably denied appellant’s motion to suppress given the record evidence and given the
applicable federal and state law.” Armendariz, 123 S.W.3d at 404. “[A] search is valid if, in
light of all the circumstances, the officers’ belief that they had consent to search was
objectively reasonable.” Moreno v. State, 821 S.W.2d 344, 351 (Tex. App.—Waco 1991, pet.
ref’d); see United States v. Zamoran-Coronel, 231 F.3d 466, 470 (8th Cir. 2000).
      “The suspect’s lack of fluency in the language used to solicit consent suggests
involuntariness, but it is seldom determinative.” 40 George E. Dix & Robert O. Dawson,
Texas Practice: Criminal Practice and Procedure § 12.33 n.19 (Supp. 2003) (citing
Mendoza v. State, 30 S.W.3d 528, 530-31 (Tex. App.—San Antonio 2003, no pet.)). Indeed,
“the ability of a suspect to speak fluent English or the ability of a police officer to speak fluent
Spanish is not a prerequisite to a valid consent to search.” Cancel v. State, No. 01-02-00587-CR, 2003 Tex. App. LEXIS 1767, at *12 (Tex. App.—Houston [1st Dist.] Feb. 27, 2003, no
pet.) (not designated for publication); accord Moreno, 821 S.W.2d at 351; Mendoza, 30
S.W.3d at 529-31. Rather, a “defendant does not have to have a perfect command of the
English language in order to give voluntary consent; it is enough that he understand English
well enough to comprehend the situation.” United States v. Verduzco, No. 92-1963, 1993
U.S. App. LEXIS 14972, at *8 (7th Cir. June 18, 1993).
      Here, the record does not even show that the trial court ruled on Appellant’s motion to
suppress evidence, much less that the court made findings of fact. Assuming that the court
denied the motion, when we review the evidence, as we must, in the light most favorable to the
ruling, that evidence supports the ruling. The majority states that the arresting officer “said
that Appellant ‘did not speak very much English, so we did have something of a language
barrier’” and “maintained . . . that Appellant ‘spoke very little’ English.” (Slip op. at 4.) 
This is false. The officer so testified concerning the passenger of the truck that Appellant was
driving. (R.R. at 9, 31.) Of Appellant, to the contrary, the officer testified as follows. He
requested of Appellant and received from him consent to search the truck that Appellant was
driving. Appellant answered his questions, and he and Appellant “communicated quite well.” 
He asked Appellant for consent more than once because he “wanted to make sure [Appellant]
understood.” The second time he asked for consent, Appellant “motioned back to the vehicle
and said [he] c[ould] check it out.” Appellant never attempted to withdraw his consent during
the extensive search of the truck. On the basis of this evidence, the trial court could have
reasonably concluded by clear and convincing evidence that the officer reasonably believed that
Appellant consented to the search of the truck, and thus denied the motion to suppress. 
      Accordingly, I respectfully dissent.
TOM GRAY
Chief Justice

Dissenting opinion delivered and filed July 28, 2004
Publish